# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUFINA HILARIO GARCIA, individually and on behalf of Ce. H.G., M.H.G., P.H.G., Ca.H.G., and O.H.G., minors, being the heirs of and successors-in-interest to SANTO HILARIO GARCIA and MARCELINA GARCIA PROFECTO,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No.: 1:20-cv-0093-NONE- JLT<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO APPOINT RUFINA HILARIO GARCIA AS THE GUARDIAN AD LITEM FOR MINOR PLAINTIFFS Ce. H.G., M.H.G., P.H.G., Ca.H.G., and O.H.G.<br><br>(Doc. 18) |

Plaintiffs are the children of Santo Hiario Garcia and Marcelina Garcia Profecto, and assert the Government is liable for the wrongful deaths of their parents following a high-speed vehicle chase by the United States Department of Homeland Security and its Immigration and Customs Enforcement Agency. (*See generally* Doc. 1) Rufina Hilario Garcia seeks appointment as the guardian ad litem for her minor siblings, Ce.H.G., M.H.G., P.H.G., Ca.H.G., and O.H.G. (Doc. 28) but Ms. Garcia has not requested appointment. For the reasons set forth below, the request is **GRANTED**.

## I.    Appointment of a Guardian Ad Litem

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a

minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). Here, Plaintiffs reside in Kern County, California (*See* Doc. 1 at 2), and the law of the state governs.

Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. A guardian ad litem may be appointed to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minors and the proposed guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who …would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). If a guardian "has an actual or potential conflict of interest with [the] child," the individual "has no right to control or influence the child's litigation." *Id.* at 50.

## II.     Discussion and Analysis

Plaintiffs, including Ms. Garcia, assert the Government is liable for the wrongful deaths of their parents following a high-speed vehicle chase. Because plaintiffs Ce. H.G., M.H.G., P.H.G., Ca.H.G., and O.H.G. are minors under California law, they are unable to prosecute the claims presented in the complaint without the appointment of a guardian ad litem. *See* Cal. Fam. Code § 6502.

Upon review of the Complaint, it does not appear there are adverse interests, because the claims of Ms. Garcia are the same as those of her minor siblings. Further, Plaintiffs report that the Superior Court of California, County of Kern, appointed Ms. Garcia as the guardian for her siblings following the death of their parents, in Case No. BPB-18-002494. (Doc. 18 at 2, ¶ 2) Accordingly, the Court finds appointment of Ms. Garcia as guardian ad litem for her siblings is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a guardian who is a party to the lawsuit and who has the same interests as the child, there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing a parent or guardian "is generally appointed guardian ad litem").

**III.    Conclusion and Order**

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). Here, it does not appear Ms. Garcia has conflicting interests with those of Ce.H.G., M.H.G., P.H.G., Ca.H.G., and O.H.G, and as such she may be appointed to represent their interests. Therefore, the Court is acting within its discretion to grant Plaintiffs' motion for appointment of Ms. Garcia as the guardian ad litem. Based upon the foregoing, the Court **ORDERS**:

1. The motion for appointment of Rufina Hilario Garcia as guardian ad litem for Ce.H.G., M.H.G., P.H.G., Ca.H.G., and O.H.G (Doc. 18) is **GRANTED**; and
2. Rufina Hilario Garcia is appointed to act as guardian ad litem for plaintiffs Ce.H.G., M.H.G., P.H.G., Ca.H.G., and O.H.G, and is authorized to prosecute this action on their behalf.

IT IS SO ORDERED.

Dated:    **February 20, 2020**              **/s/ Jennifer L. Thurston**
                                                             UNITED STATES MAGISTRATE JUDGE