# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUFINA HILARIO GARCIA, individually and on behalf of Ce.H.G., M.H.G., P.H.G., Ca.H.G., and O.H.G., minors, being the heirs of and successors-in-interest to SANTO HILARIO GARCIA and MARCELINA GARCIA PROFECTO,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | Case No.: 1:19-cv-0327 JLT<br><br>ORDER DIRECTING PLAINTIFFS TO FILE SUPPLEMENTAL BRIEFING AND EVIDENCE IN SUPPORT OF THE PETITION FOR APPROVAL OF THE MINORS' COMPROMISE |

Plaintiffs are the children of Santo Hilario Garcia and Marcelina Garcia Profecto, and assert the Government is liable for the wrongful deaths of their parents following a high-speed vehicle chase by the United States Department of Homeland Security and its Immigration and Customs Enforcement Agency. (*See generally* Doc. 1.) Plaintiffs now seek approval of the settlement reached with the Government in this action. (Doc. 37.)

No settlement or compromise of "a claim by or against a minor or incompetent person" is effective unless it is approved by the Court. Local Rule 202(b). The purpose of requiring approval is to provide an additional level of oversight to ensure that the child's interests are protected. Toward this end, a party seeking approval of the settlement must disclose:

> the age and sex of the minor, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose,

1

> including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(2). In addition to the approval of the settlement itself, any attorney's fee to be paid for representation of a minor must be approved by the court. *See* Cal. Prob. Code § 3601.

The petition before the Court lacks significant information for the Court to determine the fairness of the settlement, or whether the settlement is in the best interests of the minor children. For example, Plaintiffs report the settlement amount is $600,000, from which there will be an "initial lump sum payment" of $250,000 "for payment of attorney's fees and costs and cash to Rufina Garcia, who is currently raising the minor Plaintiffs." (Doc. 37 at 4.) Because the expected fees and costs total approximately $170,000 (*see id.* at 6), the "cash" for Ms. Garcia will be $80,000. However, there is no information as to whether this cash is for Ms. Garcia alone, or whether any funds from the initial payment will be designated for the minor plaintiffs or their care. If the funds are purely for Ms. Garcia, Plaintiffs have not explained why such a payment is appropriate.

Furthermore, Plaintiffs fail to provide much information regarding payment of the remaining settlement fund of $350,000. Plaintiffs report the amount "will be divided into six equal shares" and "[t]he annuity for the minors will make one specified annual payment for 11 years and then a lump sum payment when each minor is older." (Doc. 37 at 4.) However, it is unclear whether an annuity will be purchased for each minor, or whether there will be one "[t]he annuity" purchased for all the minors. (*See id.*) There is no information regarding the estimated annual payments or expected "lump" sum will be for each of the minor plaintiffs. It also is unclear whether the payments will differ as each minor reaches the age of majority.

Finally, there is no evidence indicating that the annual payments will be designated for the well-being of each of the minor plaintiffs. Plaintiffs have not provided any evidence that Ms. Garcia gave written consent to the settlement terms or that she understands that the payments from the annuity are for the benefit of the minor plaintiffs only and cannot be used for any other purpose.

///

///

Based upon the foregoing, the Court finds additional information is necessary to evaluate the fairness of the minors' compromise. Accordingly, the Court **ORDERS**: Plaintiffs **SHALL** file supplemental briefing and evidence addressing the issues identified above **no later than May 28, 2021**.

IT IS SO ORDERED.

Dated: **May 13, 2021**  　　　　　　_ **/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES MAGISTRATE JUDGE